[Cite as *Huffman v. Huffman*, 2016-Ohio-62.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| DAVID HUFFMAN, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-L-130** |
| LISA M. HUFFMAN, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Domestic Relations Division, Case No. 12 DR 000271.

Judgment: Appeal dismissed.

*Pamela D. Kurt*, 30432 Euclid Avenue, Suite 101, Wickliffe, OH 44092 (For Plaintiff-Appellee).

*R. Russell Kubyn*, Kubyn & Ghaster, LLP, 8373 Mentor Avenue, Mentor, OH 44060 (For Defendant-Appellant).


CYNTHIA WESTCOTT RICE, P.J.

{¶1} This appeal is taken from a November 12, 2015 entry in which the Lake County Court of Common Pleas, Domestic Relations Division, ruled on objections to a magistrate's decision and ordered that appellant, Lisa M. Huffman's attorney prepare a judgment entry that conforms with the parties' agreement.

{¶2} A review of the docket in this matter reveals that appellee, David Huffman, filed a complaint for divorce against appellant. Appellant filed an answer to the complaint as well as a counterclaim. The matter was submitted to a magistrate for a

final trial, and the magistrate issued her decision. Appellant and appellee filed objections to the magistrate's decision. The trial court issued its entry on November 12, 2015, and ruled on the multiple objections filed by the parties. The trial court also ordered that by December 2, 2015, appellant's attorney was to "prepare, circulate and proffer to the [trial court] a Judgment Entry in conformity with the parties' partial agreement, the Magistrate's Decision, and this Judgment Entry's modifications to the Magistrate's Decision * * *." It is from that entry that appellant filed the instant appeal on November 20, 2015.

{¶3} On November 30, 2015, appellee filed with this court a motion to dismiss the appeal alleging that this court does not have jurisdiction to consider the appeal. No brief or memorandum in opposition to the motion to dismiss has been filed.

{¶4} We must determine if the entry appealed from is a final appealable order. According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can only be immediately reviewed by an appellate court if it constitutes a "final order" in the action. *Estate of Biddlestone*, 11th Dist. Trumbull No. 2010-T-0131, 2011-Ohio-1299, ¶ 3. If a lower court's order is not final, an appellate court has no jurisdiction to review the matter and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B).

{¶5} Pursuant to R.C. 2505.02(B), there are seven categories of a "final order," and if the trial court's judgment satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed by a court of appeals.

{¶6} R.C. 2505.02(B) states that:

{¶7} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶8} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶9} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶10} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶11} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶12} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶13} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶14} "(5) An order that determines that an action may or may not be maintained as a class action;

{¶15} "(6) An order determining the constitutionality of any changes to the Revised Code * * *;

{¶16} "(7) An order in an appropriation proceeding * * *."

{¶17} For R.C. 2505.02(B)(2) to apply here, the entry under review must be made in a special proceeding. This action does not involve a special proceeding in the context of final appealable orders. Thus, R.C. 2505.02(B)(2) does not apply here.

3

{¶18} Additionally, it is clear that the November 12, 2015 entry did not vacate a judgment, grant a provisional remedy, deal with a class action, or determine the constitutionality of Am. Sub. S.B. 281 or Sub. S.B. 80. Thus, R.C. 2505.02(B)(3)-(6) do not apply to the matter at hand.

{¶19} For R.C. 2505.02(B)(1) to apply to the November 12, 2015 entry, it must affect a substantial right, determine the action, and prevent further judgment, which it does not. In this case, appellant was ordered to provide the trial court with a separate order reflecting the agreement of the parties as well as the magistrate's decision, which has not yet been done. Therefore, the November 12, 2015 entry is simply prefatory to the issuance of a final order. Hence, until a final judgment entry is issued by the trial court, this court is without jurisdiction to consider the merits in this matter.

{¶20} Accordingly, appellee's motion to dismiss the appeal is granted, and this appeal is hereby dismissed for lack of jurisdiction.

{¶21} Appeal dismissed.

TIMOTHY P. CANNON, J.,

THOMAS R. WRIGHT, J.,

concur.

4