[Cite as *Gale v. Gale*, 2019-Ohio-5055.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| IN RE THE MARRIAGE OF: | : | **MEMORANDUM OPINION** |
| LISA M. GALE, | : | |
| Petitioner-Appellant, | : | **CASE NO. 2019-L-093** |
| - vs - | : | |
| ROBERT J. GALE, | : | |
| Petitioner-Appellee. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Domestic Relations Division, Case No. 2015 DI 000569.

Judgment: Appeal dismissed.

*R. Russell Kubyn*, Kubyn & Ghaster, 8373 Mentor Avenue, Mentor, OH 44060 (For Petitioner-Appellant).

*Edwin V. Hargate*, 18519 Underwood Avenue, Cleveland, OH 44119 (For Petitioner-Appellee).

MARY JANE TRAPP, J.

{¶1} Appellant, Lisa M. Gale, through counsel, filed an appeal from an August 26, 2019 entry, in which the Lake County Court of Common Pleas, Domestic Relations Division, "finds the second amended shared parenting plan drafted by the guardian ad litem * * * is to be prepared and circulated * * * to counsel for the signature of the parties on the plan." The trial court further stated that a "judgment entry adopting said plan shall be provided as well."

{¶2} On October 16, 2019, this court issued an entry indicating that there did not appear to be a final appealable order and instructing appellant to show cause why the appeal should not be dismissed. To date, no response has been filed.

{¶3} Initially, we must determine whether there is a final, appealable order, as this court may entertain only those appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B). *See Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, ¶ 3.

{¶4} R.C. 2505.02(B) defines a final order as one of the following:

{¶5} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶6} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶7} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶8} "(3) An order that vacates or sets aside a judgment or grants a new trial;

2

{¶9} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶10} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶11} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶12} "(5) An order that determines that an action may or may not be maintained as a class action;

{¶13} "(6) An order determining the constitutionality of any changes to the Revised Code * * *;

{¶14} "(7) An order in an appropriation proceeding * * *."

{¶15} Here, the August 26, 2019 entry does not fit within any of the categories for being a final order pursuant to R.C. 2505.02. The entry leaves issues unresolved and contemplates that further action must be taken. Appellant will have a meaningful and effective remedy by means of an appeal once a final judgment is reached.

{¶16} Based upon the foregoing analysis, the judgment of the trial court is not a final appealable order, and this appeal is dismissed, sua sponte, for lack of jurisdiction.

{¶17} Appeal dismissed.


THOMAS R. WRIGHT, P.J.,
MATT LYNCH, J.,
concur.


3