[Cite as *Nelson v. Nelson*, 2021-Ohio-33.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**LAKE COUNTY, OHIO**

| | | |
|---|---|---|
| WILLIAM DAVID NELSON, SR., | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2020-L-108** |
| LISA DIMBERIO NELSON, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Domestic Relations Division, Case No. 15 DR 000030.

Judgment: Appeal dismissed.

*Susan T. Seacrist*, Thrasher, Dinsmore & Dolan, LPA, 100 7th Avenue, Suite 150, Chardon, OH 44024 and *Kevin R. McMillan*, McMillan & Sobel, LLC, 30195 Chagrin Boulevard, Pepper Pike, OH 44124 (For Plaintiff-Appellant).

*Sandra A. Dray*, Sandra A. Dray Co., L.P.A., 1111 Mentor Avenue, Mentor, OH 44077 (For Defendants-Appellees).

THOMAS R. WRIGHT, J.

{¶1} Appellant, William Nelson, Sr. appeals the trial court's October 6, 2020 judgment ruling on objections to a magistrate's decision and ordering counsel for appellee, Lisa Nelson, to prepare and submit a judgment entry conforming with the trial court's orders and the parties' agreements.

{¶2} We dismiss as the appealed judgment is not a final appealable order.

{¶3}    A trial court's judgment is immediately appealable if it constitutes a final order.  Section 3(B)(2), Article IV of the Ohio Constitution; *Gale v. Gale*, 11th Dist. Lake No. 2019-L-093, 2019-Ohio-5055, ¶ 3.  When a lower court's order is not final, an appellate court has no jurisdiction and the appeal must be dismissed.  *Gen. Acc. Ins. Co. v. Ins. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).  In the absence of other applicable authority conferring jurisdiction, as here, a judgment must satisfy R.C. 2505.02 to be final and appealable.  *See Huffman v. Huffman*, 11th Dist. Lake No. 2015-L-130, 2016-Ohio-62, ¶ 4.

{¶4}    R.C. 2505.02(B) defines a final order as one of the following:

{¶5}    "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶6}    "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶7}    "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶8}    "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶9}    "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶10}    "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

**{¶11}** "(5) An order that determines that an action may or may not be maintained as a class action;

**{¶12}** "(6) An order determining the constitutionality of any changes to the Revised Code * * *;

**{¶13}** "(7) An order in an appropriation proceeding * * *."

**{¶14}** The appealed judgment does not satisfy R.C. 2505.02(B). Accordingly, this appeal is dismissed, sua sponte, for lack of jurisdiction.

CYNTHIA WESTCOTT RICE, J.,

MATT LYNCH, J.,

concur.