[Cite as *Walsh v. Walsh*, 2022-Ohio-1101.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

KENNETH J. WALSH,

       Petitioner-Appellant,

- v -

CARMELLA A. WALSH,

       Petitioner-Appellee.

**CASE NO. 2022-A-0004**

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2016 DR 00334

## M E M O R A N D U M
## O P I N I O N

Decided: March 31, 2022
Judgment: Appeal dismissed

*Kenneth J. Walsh*, pro se, 1144 Lloyd Road, Wickliffe, OH 44092 (Petitioner-Appellant).

*Darya Jeffreys Klammer,* The Klammer Law Office, Ltd., 7482 Center Street, Unit 6, Mentor, OH 44060 (For Petitioner-Appellee).

JOHN J. EKLUND, J.

{¶1} On February 14, 2022, appellant, Kenneth J. Walsh, filed a pro se appeal from a February 4, 2022 judgment entry of the Ashtabula County Court of Common Pleas. In that entry, the trial court merely affirmed and adopted a July 15, 2021 magistrate's decision, but did not issue its own judgment separate from the magistrate's decision.

{¶2} Appellee, Carmella A. Walsh, through counsel, filed a motion to dismiss the appeal for lack of a final appealable order. Appellant opposed the motion.

{¶3} Initially, we must determine whether there is a final appealable order since this court may entertain only those appeals from final judgments or orders. *Noble v.*

*Colwell*, 44 Ohio St.3d 92, 96 (1989). Under Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

{¶4} The mere adoption of a magistrate's decision does not constitute a final appealable order. *In re Castrovince* (Aug. 16, 1996), 11th Dist. Portage No. 96-P-0175, 1996 WL 1056815, at 1. This court has stated it is not sufficient for a final appealable order that a trial court merely incorporate by reference the recommendations of a magistrate's decision. *Id.* Rather, the decision and the trial court's judgment must be "separate and distinct instruments which are complete and independent of each other." *Id.*; *see also Sed v. Mundy*, 11th Dist. Portage No. 2015-P-0068, 2015-Ohio-5221, at ¶ 7.

{¶5} Here, the February 4, 2022 trial court entry merely adopted the magistrate's decision. The trial court did not issue its own "separate and distinct" order setting forth the court's ruling on the matter.

{¶6} Based upon the foregoing analysis, appellee's motion to dismiss is granted, and this appeal is hereby dismissed for lack of a final appealable order.

CYNTHIA WESTCOTT RICE, J.,

MARY JANE TRAPP, J.,

concur.

2

Case No. 2022-A-0004