[Cite as *Montalbine v. Montalbine*, 2022-Ohio-1464.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| JEFFREY J. MONTALBINE, | **CASE NO. 2022-L-020** |
| Plaintiff-Appellee, | |
| - v - | Civil Appeal from the Court of Common Pleas, Domestic Relations Division |
| KIMBERLY MONTALBINE, | |
| Defendant-Appellant. | Trial Court No. 2019 DR 000652 |

**M E M O R A N D U M**
**O P I N I O N**

Decided: May 2, 2022
Judgment: Appeal dismissed

*Cory R. Hinton*, Hanahan & Hinton, LLC, 8570 Mentor Ave., Mentor, OH 44060 (For Plaintiff-Appellee).

*Joseph K. Palazzo*, Kurt Law Office, LLC, 4770 Beidler Road, Willoughby, OH 44094 (For Defendant-Appellant).

*Denise Cook,* 154 East Aurora Road, PMB #231, Northfield, OH 44067 (Guardian ad litem).

MATT LYNCH, J.

{¶1} Appellant, Kimberly Montalbine, through counsel, appeals from a March 8, 2022 entry, in which the Lake County Court of Common Pleas, Domestic Relations Division, ordered her counsel to "prepare and circulate for signature a Judgment Entry of Divorce * * * and submit same to the Court within twenty-one (21) days of the within order."

{¶2} On March 30, 2022, appellee, Jeffrey J. Montalbine, through counsel, filed a motion to dismiss for lack of a final appealable order. No brief or memorandum in opposition to the motion has been filed.

{¶3} A trial court's judgment is immediately appealable if it constitutes a final order. Section 3(B)(2), Article IV of the Ohio Constitution; *Gale v. Gale*, 11th Dist. Lake No. 2019-L-093, 2019-Ohio-5055, ¶ 3. If a lower court's order is not final, an appellate court has no jurisdiction, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). In the absence of other applicable authority conferring jurisdiction a judgment must satisfy R.C. 2505.02 to be final and appealable. *See Nelson v. Nelson*, 11th Dist. Lake No. 2020-L-108, 2021-Ohio-33, ¶ 3.

{¶4} R.C. 2505.02(B) defines a final order as one of the following:

{¶5} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶6} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶7} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶8} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶9} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶10} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

2

Case No. 2022-L-020

{¶11} "(5) An order that determines that an action may or may not be maintained as a class action;

{¶12} "(6) An order determining the constitutionality of any changes to the Revised Code * * *;

{¶13} "(7) An order in an appropriation proceeding * * *."

{¶14} In this case, the March 8, 2022 judgment entry does not fit within any of the categories for being a final order pursuant to R.C. 2505.02(B). Appellant was ordered to provide the trial court with a separate entry consistent with the parties' stipulations as well as the court's decision, which has not yet been done. The entry on appeal leaves issues unresolved and contemplates that further action must be taken. Hence, until the trial court issues a final entry, this court is without jurisdiction to consider the merits in this matter.

{¶15} Accordingly, appellee's motion to dismiss the appeal is granted, and this appeal is hereby dismissed for lack of jurisdiction.

{¶16} Appeal dismissed.


CYNTHIA WESTCOTT RICE, J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2022-L-020