[Cite as *Slabe v. Slabe*, 2023-Ohio-4485.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

KIMBERLY SLABE,

Plaintiff-Appellant,

- vs -

BRENDAN SLABE, et al.,

Defendant-Appellee.

**CASE NO. 2023-L-091**

Civil Appeal from the
Court of Common Pleas,
Domestic Relations Division

Trial Court No. 2021 DR 000508

## M E M O R A N D U M
## O P I N I O N

Decided: December 11, 2023
Judgment: Appeal dismissed

*Kelley R. Tauring*, *Nicole A. Cruz*, and *Joseph G. Stafford*, Stafford Law Co., L.P.A., North Point Tower, 1001 Lakeside Avenue, Suite 1300, Cleveland, OH 44114 (For Plaintiff-Appellant).

*James L. Lane*, Rosenthal Lane, LLC, North Point Tower, 1001 Lakeside Avenue, Suite 1720, Cleveland, OH 44114 (For Defendant-Appellee).

MARY JANE TRAPP, J.

{¶1} Appellant, Kimberly Slabe, through counsel, appeals the August 29, 2023 entry, in which the Lake County Court of Common Pleas, Domestic Relations Division, found that the parties' prenuptial agreement is valid and enforceable and any interest appellee, Brendan Slabe, has in Slabe Machine Products Co. directly or by way of a trust is his separate property. The court further stated that "[t]his determination is not a ruling or decision on whether the Court should make a distributive award."

{¶2} Appellee moved to dismiss the appeal for lack of a final appealable order. Appellant filed opposition.

{¶3} A trial court's judgment is immediately appealable if it constitutes a final order. Section 3(B)(2), Article IV of the Ohio Constitution; *Gale v. Gale*, 11th Dist. Lake No. 2019-L-093, 2019-Ohio-5055, ¶ 3. If a lower court's order is not final, an appellate court has no jurisdiction, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). In the absence of other applicable authority conferring jurisdiction, a judgment must satisfy R.C. 2505.02 to be final and appealable. *See Nelson v. Nelson*, 11th Dist. Lake No. 2020-L-108, 2021-Ohio-33, ¶ 3.

{¶4} R.C. 2505.02(B) defines a final order as one of the following:

{¶5} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶6} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶7} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶8} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶9} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶10} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

Case No. 2023-L-091

{¶11} "(5) An order that determines that an action may or may not be maintained as a class action;

{¶12} "(6) An order determining the constitutionality of any changes to the Revised Code * * *;

{¶13} "(7) An order in an appropriation proceeding * * *."

{¶14} Here, the August 29, 2023 entry does not fit within any of the categories for being a final order pursuant to R.C. 2505.02(B). Also, no divorce decree has been issued.

{¶15} In a divorce action, generally, no final appealable order exists until all issues relating to property division, support and parental rights and responsibilities have been addressed. *Miller v. Miller*, 11th Dist. Portage No. 2003-P-0065, 2003-Ohio-6765, at ¶ 3. An entry that leaves issues unresolved and contemplates further action is not final. *Montalbine v. Montalbine*, 11th Dist. Lake No. 2022-L-020, 2022-Ohio-1464, ¶ 14. Since the entry on appeal leaves issues unresolved and further action is contemplated, this court is without jurisdiction to consider the merits. Appellant will have a meaningful and effective remedy by means of an appeal once a final judgment is reached.

{¶16} Based upon the foregoing analysis, the judgment of the trial court is not a final appealable order. Appellee's motion to dismiss the appeal is granted, and this appeal is dismissed for lack of jurisdiction.

{¶17} Appeal dismissed.


JOHN J. EKLUND, P.J.,

MATT LYNCH, J.,

concur.


3

Case No. 2023-L-091