[Cite as *Perkins v. Perkins*, 2024-Ohio-5162.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| JAMES R. PERKINS, | **CASE NO. 2024-G-0040** |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the<br>Court of Common Pleas |
| STACY L. PERKINS, | |
| Defendant-Appellant. | Trial Court No. 2021 DC 000157 |

**M E M O R A N D U M**
**O P I N I O N**

Decided: October 28, 2024
Judgment: Appeal dismissed

*J. Michael Drain, Jr.*, 147 Bell Street, Suite 202, Chagrin Falls, OH 44022 and *Louis A. D'Amico*, 6449 Wilson Mills Road, Mayfield Village, OH 44143 (For Plaintiff-Appellee).

*Gregory S. Costabile*, 1400 Fifth Third Center, 600 Superior Avenue, East, Cleveland, OH 44114 (For Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1} Appellant, Stacy L. Perkins, through counsel, appeals from both a May 3, 2023 entry and an August 20, 2024 entry. In the May 3 entry, the Geauga County Court of Common Pleas ordered that the objections to the magistrate's decision filed by appellee, James R. Perkins, were sustained in part. The trial court stated that the magistrate did not err in granting the parties a divorce or in granting the shared parenting plan. The court ordered that the matter be set for a new trial regarding the division of property, attorney fees, child and medical support obligations, and appellee's disability, employment,

pension, and separate property claims. Appellant appealed that decision, but we dismissed that appeal for lack of a final appealable order on August 21, 2023.

{¶2} On March 5, 2024, the trial court magistrate issued findings of fact, conclusions of law and a decision. Appellant filed objections to the magistrate's decision. In its August 20, 2024 entry, the trial court overruled appellant's objections. The instant appeal ensued. We must determine whether we have a final appealable order.

{¶3} A trial court's judgment is immediately appealable if it constitutes a final order. Section 3(B)(2), Article IV of the Ohio Constitution; *Gale v. Gale*, 2019-Ohio-5055, ¶ 3 (11th Dist.). If a lower court's order is not final, an appellate court has no jurisdiction, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). In the absence of other applicable authority conferring jurisdiction, a judgment must satisfy R.C. 2505.02 to be final and appealable. *See Nelson v. Nelson*, 2021-Ohio-33, ¶ 3 (11th Dist.).

{¶4} R.C. 2505.02(B) defines a final order as one of the following:

{¶5} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶6} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶7} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶8} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

Case No. 2024-G-0040

{¶9} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶10} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶11} "(5) An order that determines that an action may or may not be maintained as a class action;

{¶12} "(6) An order determining the constitutionality of any changes to the Revised Code * * *;

{¶13} "(7) An order in an appropriation proceeding * * *."

{¶14} In the instant matter, the May 3, 2023 entry does not fit within any of the categories for being a final order pursuant to R.C. 2505.02(B).

{¶15} Furthermore, a magistrate's decision is not effective unless it is adopted by the court. *See* Civ.R. 53(D)(4)(a). A magistrate's decision is not final until a trial court reviews the decision and (1) rules on any objections, (2) adopts, modifies, or rejects the decision, and (3) enters a judgment that determines all of the claims for relief in the matter. *Ledet v. Ledet*, 2023-Ohio-2926, ¶ 3 (11th Dist.). Therefore, until adopted by the trial court, a magistrate's decision is simply interlocutory. *Id.* Here, the August 20, 2024 entry simply overruled appellant's objections. The magistrate's decision has not been adopted by the trial court, and thus that entry remains interlocutory.

{¶16} Additionally, there has been no divorce decree issued. In a divorce action, there is generally no final appealable order until all issues relating to property division,

3

Case No. 2024-G-0040

support and parental rights and responsibilities have been addressed. *Slabe v. Slabe*, 2023-Ohio-4485, ¶ 15 (11th Dist.).  in this case, since the entry on appeal leaves issues unresolved and further action is contemplated, this court is without jurisdiction to consider the merits.  Appellant will have a meaningful and effective remedy by means of an appeal once a final judgment is reached.

{¶17}  Based upon the foregoing analysis, the judgment of the trial court is not a final appealable order, and this appeal is dismissed, sua sponte, for lack of jurisdiction.

{¶18}  Appeal dismissed.


MARY JANE TRAPP, J.,

JOHN J. EKLUND, J.,

concur.

4

Case No. 2024-G-0040