[Cite as *Salyers v. Salyers*, 2024-Ohio-5656.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

REBECCA SALYERS,

        Plaintiff-Appellant,

    - vs -

DEREK SALYERS,

        Defendant-Appellee.

**CASE NO. 2024-T-0070**

Civil Appeal from the
Court of Common Pleas,
Domestic Relations Division

Trial Court No. 2023 DR 00075

## **M E M O R A N D U M**
## **O P I N I O N**

Decided: December 2, 2024
Judgment: Appeal dismissed

*Brendan J. Keating* and *Anthony G. Rossi, III,* Guarnieri & Secrest, PLL, 151 East Market Street, P.O. Box 4270, Warren, OH 44482 (For Plaintiff-Appellant).

*Colton D. Williams,* 5005 Rockside Road, Suite 350, Independence, OH 44131 (For Defendant-Appellee).

ROBERT J. PATTON, J.

{¶1} On September 13, 2024, appellant, Rebecca Salyers, through counsel, filed an appeal from the August 16, 2024 entry, in which the Trumbull County Court of Common Pleas, Domestic Relations Division, found that it was in the minor child's best interest to allocate parental rights and responsibilities under a shared parenting plan and ordered the parties to submit modifications to appellee, Derek Salyers', shared parenting plan.

{¶2} The judgment of a trial court is immediately appealable if it constitutes a final order. Section 3(B)(2), Article IV of the Ohio Constitution; *Perkins v. Perkins*, 2023-Ohio-

2924, ¶ 3 (11th Dist.). If a lower court's judgment is not final, then an appellate court has no jurisdiction, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). In the absence of other applicable authority conferring jurisdiction, a lower court's judgment must satisfy R.C. 2505.02 to be final and appealable. *Slabe v. Slabe*, 2023-Ohio-4485, ¶ 3 (11th Dist.).

{¶3} R.C. 2505.02(B) defines a final order as one of the following:

{¶4} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶5} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶6} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶7} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶8} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶9} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶10} "(5) An order that determines that an action may or may not be maintained as a class action;

{¶11} "(6) An order determining the constitutionality of any changes to the Revised Code . . .;

2

{¶12}  "(7) An order in an appropriation proceeding * * *."

{¶13}  In this case, pursuant to R.C. 2505.02, the August 16, 2024 entry does not fit within any of the categories for being a final and appealable order.  Further, as of the date this appeal was filed, no divorce decree had been issued.

{¶14}  In general, in a divorce action, no final appealable order exists until all issues relating to property division, support and parental rights and responsibilities have been addressed. *Perkins* at ¶ 14. A judgment entry that leaves issues unresolved and contemplates further action is not final. *Id.*  Since the August 16, 2024 entry, which is the subject of this appeal, leaves issues unresolved and contemplates further action, this court is without jurisdiction to consider the merits in this matter.

{¶15}  For the foregoing reasons, the August 16, 2024 entry of the trial court is not a final appealable order.  This appeal is hereby, sua sponte, dismissed for lack of jurisdiction.

{¶16}  Appeal dismissed.


EUGENE A. LUCCI, P.J.,

MATT LYNCH, J.,

concur.

3