[Cite as *Perkins v. Perkins*, 2025-Ohio-510.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| JAMES R. PERKINS, | CASE NO. 2024-G-0050 |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| STACY L. PERKINS, | |
| Defendant-Appellant. | Trial Court No. 2021 DC 000157 |

**M E M O R A N D U M**
**O P I N I O N**

Decided: February 18, 2025
Judgment: Appeal dismissed

*J. Michael Drain, Jr.*, 147 Bell Street, Suite 202, Chagrin Falls, OH 44022 and *Louis A. D'Amico*, 6449 Wilson Mills Road, Mayfield Village, OH 44143 (For Plaintiff-Appellee).

*Gregory S. Costabile*, 1400 Fifth Third Center, 600 Superior Avenue, East, Cleveland, OH 44114 (For Defendant-Appellant).

ROBERT J. PATTON, P.J.

{¶1} Appellant, Stacy L. Perkins, through counsel, appeals three separate Geauga County Court of Common Pleas entries from May 3, 2023, August 20, 2024, and November 18, 2024.

{¶2} In 2021, appellee, James R. Perkins, initiated a complaint for divorce. Appellant filed her answer and counterclaim. A Magistrate's Decision was filed on January 9, 2023. Appellee filed objections, and in its May 3, 2023 entry, the trial court sustained appellee's objections in part, and ordered that the Magistrate did not err in granting the parties a divorce or in granting the shared parenting plan. The trial court further ordered

that the matter be set for a new trial regarding the division of property, attorney fees, child and medical support obligations, and appellee's disability, employment, pension, and separate property claims. Appellant appealed that decision. However, that case was dismissed for lack of a final order. *Perkins v. Perkins*, 2023-Ohio-2924 (11th Dist.).

{¶3} On March 5, 2024, the trial court Magistrate issued findings of fact, conclusions of law and a decision. Appellant filed objections, and the trial court overruled the objections in its August 20, 2024 entry. Appellant appealed, and we dismissed that appeal for lack of a final order. *Perkins v. Perkins*, 2024-Ohio-5162(11th Dist.).

{¶4} In its November 18, 2024 entry, the trial court adopted the January 9, 2023 Magistrate's Decision as to the granting of the divorce and shared parenting plan and the March 5, 2024 Magistrate's Decision in its entirety.

{¶5} Since this court may entertain only those appeals from final judgments, we must determine whether there is a final appealable order. A trial court judgment is immediately appealable if it constitutes a final order. Section 3(B)(2), Article IV of the Ohio Constitution. If a lower court's judgment is not final, then an appellate court has no jurisdiction, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). In the absence of other applicable authority conferring jurisdiction, a lower court's judgment must satisfy R.C. 2505.02 to be final and appealable. *Salyers v. Salyers*, 2024-Ohio-5656, ¶ 2 (11th Dist.)*.*

{¶6} The mere adoption of a Magistrate's Decision does not constitute a final appealable order. *Walsh v. Walsh*, 2022-Ohio-1101, ¶ 4 (11th Dist.), citing to *In re Castrovince*, 1996 WL 1056815, *1 (11th Dist. Aug. 16, 1996). A trial court merely incorporating by reference the recommendations of a Magistrate's Decision is insufficient

for a final appealable order. *Id.* Rather, the Magistrate's Decision and the trial court's judgment entry must be "separate and distinct instruments which are complete and independent of each other." *Id.* The trial court's entry must contain an independent judgment disposing of the matters at issue between the parties so that the parties do not need to refer to any other document. *State v. Gathright,* 2019-Ohio-3429, ¶ 22 (5th Dist.).

{¶7}  In the instant matter, the November 18, 2024 Judgment merely adopted the January 9, 2023 and March 5, 2024 Magistrate's Decisions. The trial court did not issue its own "separate and distinct" independent judgment setting forth its ruling on the matter.

{¶8}  Accordingly, based upon the foregoing analysis, this appeal is hereby sua sponte dismissed for lack of a final appealable order.

{¶9}  Appeal dismissed.


MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

3