[Cite as *In re Guardianship of Kluth*, 2025-Ohio-5099.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

IN THE MATTER OF:

THE GUARDIANSHIP OF
MARTHA S. KLUTH

CASE NO. 2025-P-0069

Civil Appeal from the
Court of Common Pleas,
Probate Division

Trial Court No. 2025 GD 00035

---

# MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: November 10, 2025
Judgment: Appeal dismissed

---

*Thomas W. Kluth*, pro se, 5 High Ridge Road, New Paltz, NY 12561 (Appellant).

*Benjamin J. Plough*, 221 South Freedom Street, Ravenna, OH 44266 (For Appellee).

JOHN J. EKLUND, J.

{¶1}   Appellant, Thomas W. Kluth, filed a pro se appeal from an entry by the Portage County Court of Common Pleas, Probate Division.

{¶2}   Mr. Kluth filed an application for the appointment of a guardian for an alleged incompetent, his mother, Martha S. Kluth.  On August 5, 2025, the magistrate issued a decision denying Mr. Kluth's application.  On August 7, 2025, the trial court issued an entry adopting the Magistrate's Decision. The instant appeal ensued.

{¶3}   Since this court may entertain only those appeals from final judgments, we must determine whether there is a final appealable order. A trial court judgment is immediately appealable if it constitutes a final order.  Ohio Const., art. IV, § 3(B)(2).  If a

lower court's judgment is not final, then an appellate court has no jurisdiction, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). In the absence of other applicable authority conferring jurisdiction, a lower court's judgment must satisfy R.C. 2505.02 to be final and appealable. *Salyers v. Salyers*, 2024-Ohio-5656, ¶ 2 (11th Dist.).

{¶4} A trial court's mere adoption of a magistrate's decision does not constitute a final appealable order. *Perkins v. Perkins*, 2025-Ohio-510, ¶ 6 (11th Dist.). It is not sufficient for a final appealable order for a trial court to merely incorporate by reference the recommendations of a magistrate's decision. *Id*. Rather, the magistrate's decision and the trial court's judgment entry must be "separate and distinct instruments which are complete and independent of each other." *Id*. The trial court's entry must contain an independent judgment disposing of the issues between the parties so the parties do not need to refer to any other document. *Id*.

{¶5} Here, the August 7, 2025 Entry merely adopted the August 5, 2025 Magistrate's Decision. The trial court did not issue its own "separate and distinct" independent entry setting forth its ruling on the matter.

{¶6} Accordingly, based upon the foregoing analysis, this appeal is hereby sua sponte dismissed for lack of a final appealable order.

{¶7} Appeal dismissed.


EUGENE A. LUCCI, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2025-P-0069

# JUDGMENT ENTRY

For the reasons stated in the memorandum opinion of this court, it is ordered that this appeal is hereby dismissed for lack of a final appealable order.

Costs to be taxed against appellant, Thomas W. Kluth.

JUDGE JOHN J. EKLUND

JUDGE EUGENE A. LUCCI,
concurs

JUDGE SCOTT LYNCH,
concurs

| **THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY** |
|:---:|
| A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure. |

Case No. 2025-P-0069