[Cite as *DiCello v. DiCello*, 2025-Ohio-5367.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| MARK DICELLO,<br><br>        Plaintiff-Appellee,<br><br>- vs -<br><br>RITA T. DICELLO,<br><br>        Defendant-Appellant. | **CASE NO. 2025-L-100**<br><br>Civil Appeal from the<br>Court of Common Pleas,<br>Domestic Relations Division<br><br>Trial Court No. 2019 DR 000332 |

---

## MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: December 1, 2025
Judgment: Appeal dismissed

---

*Anne C. Fantelli*, Meyers, Roman, Friedberg & Lewis*,* 28601 Chagrin Boulevard, Suite 600, Cleveland, OH 44122 (For Plaintiff-Appellee).

*James L. Lane*, Rosenthal Lane, L.L.C., North Point Tower, 1001 Lakeside Avenue, Suite 1720, Cleveland, OH 44114 (For Defendant-Appellant).

SCOTT LYNCH, J.

{¶1} On August 21, 2025, appellant, Rita T. DiCello, through counsel, filed an appeal from a July 31, 2025 entry of the Lake County Court of Common Pleas, Domestic Relations Division. In that entry, the court ruled on the parties' objections, found the parties are entitled to a divorce, determined the duration of the marriage, stated that the terms of the June 23, 2022 amended stipulations and agreed entry shall be ordered into execution, and determined the value of the ownership interest that appellee, Mark DiCello, had in the law firm DiCello, Levitt & Gulzler, L.L.C. (DLG) and the amount due to appellant as a marital property distribution. The trial court further ordered appellant to prepare and submit a final entry by August 31, 2025, in conformity with the terms of the July 31, 2025 judgment.

{¶2} On October 14, 2025, because it did not appear that a final divorce decree had been issued and the entry on appeal ordered further action be taken in the matter, this court ordered the parties to show cause why this appeal should not be dismissed for lack of a final appealable order. In response to that entry, appellant alleges that the July 31, 2025 entry affects a substantial right because it determined the ownership interest in DLG and the amount due to her as marital property distribution. Appellee filed a motion to dismiss the appeal arguing that the July 31, 2025 entry does not fit into any of the categories for being a final order pursuant to R.C. 2505.02(B) as no divorce decree was issued, and the entry leaves issues unresolved and contemplates further action.

{¶3} The judgment of a trial court is immediately appealable if it constitutes a final order. Ohio Const., art. IV, § 3(B)(2). If a lower court's judgment is not final, then an appellate court has no jurisdiction, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). In the absence of other applicable authority conferring jurisdiction, a lower court's judgment must satisfy R.C. 2505.02 to be final and appealable. *Slabe v. Slabe*, 2023-Ohio-4485, ¶ 3 (11th Dist.).

{¶4} R.C. 2505.02(B) defines a final order as one of the following:

{¶5} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶6} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶7} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶8} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

Case No. 2025-L-100

{¶9} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶10} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶11} "(5) An order that determines that an action may or may not be maintained as a class action . . .."

{¶12} Here, pursuant to R.C. 2505.02, the appealed entry does not affect a substantial right, nor does it fit within any of the categories for being a final appealable order. Further, as of the date of this appeal, no divorce decree has been issued.

{¶13} Generally, in a divorce proceeding, no final order exists until all issues relating to property division, support and parental rights and responsibilities have been addressed. *Perkins v. Perkins*, 2023-Ohio-2924, ¶ 14 (11th Dist.). Since the July 31, 2025 entry leaves issues unresolved and contemplates further action must be taken, this court is without jurisdiction to consider the merits of the case. In that entry, appellant was ordered to provide the trial court with a separate entry consistent with the parties' stipulations as well as the court's decision, which has not yet been done. An entry that leaves issues unresolved and contemplates further action is not final. *Id.*

{¶14} Accordingly, appellee's motion to dismiss the appeal is granted, and this appeal is hereby dismissed for lack of jurisdiction.


EUGENE A. LUCCI, J.,
MATT LYNCH, J.,
concur.

Case No. 2025-L-100

# JUDGMENT ENTRY

For the reasons stated in the memorandum opinion of this court, it is ordered that appellee's motion to dismiss is granted.  This appeal is hereby dismissed for lack of a final appealable order.

Furthermore, any pending motions are hereby overruled as moot.

Costs to be taxed against appellant.

_____
JUDGE SCOTT LYNCH


_____
JUDGE EUGENE A. LUCCI,
concurs


_____
JUDGE MATT LYNCH,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---