[Cite as *880 West Liberty, L.L.C. v. Hubbard Food Store, L.L.C.*, 2026-Ohio-401.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| 880 WEST LIBERTY, L.L.C., et al., | **CASE NO. 2025-T-0065** |
| Plaintiffs-Appellants, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| HUBBARD FOOD STORE, L.L.C. a.k.a. HUBBARD FOOD STORE INC., | Trial Court No. 2024 CV 00426 |
| Defendant-Appellee. | |

## MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: February 9, 2026
Judgment: Appeal dismissed

*Michael D. Rossi*, Guarnieri & Secrest, P.L.L., 151 East Market Street, P.O. Box 4270, Warren, OH 44482 (For Plaintiffs-Appellants).

*Joseph M. Houser*, Manchester, Newman & Bennett, L.P.A., 201 East Commerce Street, Atrium Level 2, Youngstown, OH 44503 (For Defendant- Appellee).

EUGENE A. LUCCI, J.

{¶1} Appellants, 880 West Liberty, L.L.C. and 882 West Liberty, L.L.C., through counsel, appeal from a September 8, 2025 entry denying appellants' objections to a March 27, 2025 Magistrate's Decision. The instant appeal ensued. This court issued an entry on October 14, 2025 ordering the parties to show cause why the appeal should not be dismissed for lack of a final appealable order since the trial court did not adopt the magistrate's decision or render a judgment resolving the claims. Appellants responded on November 19, 2025 indicating that they could not "show cause why this appeal should not be dismissed for want of a final appealable order." Appellee did not respond.

{¶2} A trial court's judgment is immediately appealable if it constitutes a final order. Ohio Const., art. IV, § 3(B)(2); *McDonie v. Wallster*, 2024-Ohio-5265, ¶ 2 (11th Dist.). If a lower court's order is not final, an appellate court has no jurisdiction, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). In the absence of other applicable authority conferring jurisdiction, a judgment must satisfy R.C. 2505.02 to be final and appealable. *Nelson v. Nelson*, 2021-Ohio-33, ¶ 3 (11th Dist.).

{¶3} R.C. 2505.02(B) defines a final order as one of the following:

{¶4} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶5} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶6} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶7} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶8} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶9} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶10} "(5) An order that determines that an action may or may not be maintained as a class action;

Case No. 2025-T-0065

{¶11} "(6) An order determining the constitutionality of any changes to the Revised Code . . .;

{¶12} "(7) An order in an appropriation proceeding . . . ."

{¶13} In this case, the September 8, 2025 entry does not fit within any of the categories for being a final order pursuant to R.C. 2505.02(B).

{¶14} A magistrate's decision is not effective unless it is adopted by the court. *See* Civ.R. 53(D)(4)(a). Further, a magistrate's decision is not final until the trial court reviews the decision and (1) rules on any objections, (2) adopts, modifies, or rejects the decision, and (3) enters a judgment that determines all of the claims for relief in the case. *Perkins v. Perkins*, 2024-Ohio-5162, ¶ 15 (11th Dist.). Hence, until the trial court adopts it, a magistrate's decision is interlocutory in nature. *Id*. The trial court's September 8, 2025 judgment entry simply overruled appellants' objections. Since the trial court did not adopt the magistrate's decision, that entry remains interlocutory.

{¶15} Based upon the foregoing analysis, the judgment of the trial court is not a final appealable order, and this appeal is dismissed, sua sponte, for lack of jurisdiction.

{¶16} Appeal dismissed.


JOHN J. EKLUND, J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2025-T-0065

## JUDGMENT ENTRY

For the reasons stated in the memorandum opinion of this court, it is ordered that this appeal is hereby sua sponte dismissed for lack of jurisdiction.

Costs to be taxed against appellants.

 

 

JUDGE EUGENE A. LUCCI

 

 

JUDGE JOHN J. EKLUND,
concurs

 

 

JUDGE ROBERT J. PATTON,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-T-0065