[Cite as *Sawyer v. Blume*, 2026-Ohio-2045.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| LYNNETTE J. SAWYER, | **CASE NO. 2026-T-0031** |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the<br>Court of Common Pleas |
| GUY A. BLUME, et al., | |
| Defendants-Appellants, | Trial Court No. 2025 CV 01371 |
| WHOLESOME STRATEGIES, L.L.C.,<br>d.b.a. JEFFERSON POULTRY, | |
| Intervening Defendant/<br>Third Party Plaintiff-<br>Appellant, | |
| - vs - | |
| GOT YOUR SIXX, L.L.C., et al., | |
| Third Party Defendant-<br>Appellee. | |

# MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: June 1, 2026
Judgment: Appeal dismissed

*Randil J. Rudloff*, Guarnieri & Secrest, P.L.L., 151 East Market Street, P.O. Box 4270, Warren, OH 44482 (For Defendants-Appellants and Third Party Plaintiff-Appellant).

*Charles E. Dunlap*, 7330 Market Street, Youngstown, OH 44512 (For Plaintiff-Appellee and Third Party Defendant-Appellee).

JOHN J. EKLUND, J.

{¶1}   Appellants, Guy A. Blume, Melanie D. Holscher, and Wholesome Strategies, L.L.C., d.b.a. Jefferson Poultry, through counsel, filed an appeal from a March 12, 2026

entry, in which the Trumbull County Court of Common Pleas overruled appellants' objections to the Magistrate's Decision.

{¶2} Appellee, Lynette J. Sawyer filed a foreclosure complaint against Blume and Holscher. Blume and Holscher answered and filed a counterclaim, and a third party complaint was also filed by Wholesome Strategies against appellee, Got Your Sixx, L.L.C. Appellees filed a motion to dismiss Wholesome Strategies' claims. On December 22, 2025, the magistrate issued a decision dismissing the claims against Got Your Sixx. Appellants filed objections. On March 12, 2026, the trial court overruled those objections and adopted the magistrate's decision as its own. This appeal ensued.

{¶3} Since this court may entertain only those appeals from final judgments, we must determine whether there is a final appealable order. Ohio Const., art. IV, § 3(B)(2) provides that a trial court's judgment can only be immediately reviewed by an appellate court if it constitutes a "final order" in the action. If a lower court's judgment is not final, then an appellate court has no jurisdiction, and the matter must be dismissed. *Tamarac Apts., L.L.C. v. Austin*, 2025-Ohio-2737, ¶ 4 (11th Dist.). In the absence of other applicable authority conferring jurisdiction, a lower court's judgment must satisfy R.C. 2505.02 to be final and appealable. *Salyers v. Salyers*, 2024-Ohio-5656, ¶ 2 (11th Dist.).

{¶4} A trial court's mere adoption of a magistrate's decision does not constitute a final order. *Perkins v. Perkins*, 2025-Ohio-510, ¶ 6 (11th Dist.). A trial court merely incorporating by reference the recommendations of a magistrate's decision is not sufficient for a final appealable order. *Id*. Rather, the trial court's entry and the magistrate's decision must be separate and distinct documents that are complete and independent of each other. *Id*. The entry must contain an independent judgment disposing of the issues between the parties so that the parties do not need to refer to another document. *Id*.

Case No. 2026-T-0031

{¶5}    Here, the March 12, 2026 entry merely adopted the December 22, 2025 magistrate's decision. The trial court did not issue its own "separate and distinct" independent judgment setting forth its ruling on the matter.

{¶6}    Accordingly, based upon the foregoing analysis, this appeal is hereby sua sponte dismissed for lack of a final appealable order.

{¶7}    Appeal dismissed.


EUGENE A. LUCCI, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2026-T-0031

# JUDGMENT ENTRY

For the reasons stated in the memorandum opinion of this court, it is ordered that this appeal is hereby, sua sponte, dismissed for lack of a final appealable order.

Costs to be taxed against appellants.

_____
JUDGE JOHN J. EKLUND

_____
JUDGE EUGENE A. LUCCI,
concurs

_____
JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2026-T-0031