[Cite as *Martone v. Barnett*, 2026-Ohio-2043.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| FRANCIS J. MARTONE, | **CASE NO. 2026-A-0017** |
| Plaintiff-Appellant, | |
| - vs - | Civil Appeal from the Municipal Court |
| CHERYL BARNETT, | |
| Defendant-Appellee. | Trial Court No. 2025 CVG 01250 |

## MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: June 1, 2026
Judgment: Appeal dismissed

*Francis J. Martone*, pro se, 1229 East 16th Street, Ashtabula, OH 44004 (Plaintiff-Appellant).

*Cheryl Barnett*, pro se, 912 East 16th Street, Ashtabula, OH 44004 (Defendant-Appellee).

ROBERT J. PATTON, J.

{¶1} Appellant, Francis J. Martone, filed a pro se appeal from a March 16, 2026 entry from the Ashtabula County Municipal Court.

{¶2} This case stems from a complaint for forcible entry and detainer, past due rent, and damages. The magistrate issued a decision on February 18, 2026, recommending judgment in favor of appellant in the amount of $675, plus interest. Appellant filed objections. On March 16, 2026, the trial court overruled those objections and adopted the magistrate's decision. It is from that entry that the instant appeal ensued.

{¶3} Since this court may entertain only those appeals from final judgments, we must determine whether there is a final appealable order. Ohio Const., art. IV, § 3(B)(2)

provides that a trial court's judgment can only be immediately reviewed by an appellate court if it constitutes a "final order" in the action. If a lower court's judgment is not final, then an appellate court has no jurisdiction, and the matter must be dismissed. *Tamarac Apts., L.L.C. v. Austin*, 2025-Ohio-2737, ¶ 4 (11th Dist.). In the absence of other applicable authority conferring jurisdiction, a lower court's judgment must satisfy R.C. 2505.02 to be final and appealable. *Salyers v. Salyers*, 2024-Ohio-5656, ¶ 2 (11th Dist.).

{¶4} A trial court's mere adoption of a magistrate's decision does not constitute a final order. *Perkins v. Perkins*, 2025-Ohio-510, ¶ 6 (11th Dist.). A trial court merely incorporating by reference the recommendations of a magistrate's decision is not sufficient for a final appealable order. *Id*. Rather, the trial court's entry and the magistrate's decision must be separate and distinct documents that are complete and independent of each other. *Id*. The entry must contain an independent judgment disposing of the issues between the parties so that the parties do not need to refer to another document. *Id*.

{¶5} Here, the March 16, 2026 entry merely adopted the February 18, 2026 magistrate's decision. The trial court did not issue its own "separate and distinct" independent judgment setting forth its ruling on the matter.

{¶6} Accordingly, based upon the foregoing analysis, this appeal is hereby sua sponte dismissed for lack of a final appealable order.

{¶7} Appeal dismissed.


MATT LYNCH, P.J.,

SCOTT LYNCH, J.,

concur.

Case No. 2026-A-0017

# JUDGMENT ENTRY

For the reasons stated in the memorandum opinion of this court, it is ordered that this appeal is hereby, sua sponte, dismissed for lack of a final appealable order.

Costs to be taxed against appellant.

_____
JUDGE ROBERT J. PATTON

_____
PRESIDING JUDGE MATT LYNCH,
concurs

_____
JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2026-A-0017