[Cite as *DiSanto v. Thomas*, 2015-Ohio-4835.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| DORENE E. DISANTO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-L-100** |
| THOMAS L. THOMAS, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Court of Common Pleas, Juvenile Division, Case No. 2015 CV 00603.

Judgment: Appeal dismissed.

*Brett J. Plassard,* 1875 West Jackson Street, Painesville, OH 44077 (For Plaintiff-Appellee).

*Thomas L. Thomas*, pro se, 3568 Highway 301 South, Nahunta, GA 31553 (Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} On September 3, 2015, appellant, Thomas L. Thomas, pro se, filed a notice of appeal from an August 4, 2015 entry of the Lake County Court of Common Pleas, Juvenile Division.

{¶2} The trial court record in this matter reveals that on April 23, 2015, appellee, Dorene E. DiSanto, filed a complaint for custody against appellant. On May 20, 2015, appellant filed a counter-complaint against appellee. The magistrate issued an order on May 22, 2015, in which the magistrate indicated that the matter shall

proceed to the pretrial. On June 2, 2015, appellant filed a "Motion for Objection" to the magistrate's "ad hoc decision." On June 11, 2015, the magistrate issued another order setting for trial on October 8, 2015, appellant's motion for custody, visitation, child support and objection to DNA testing. Appellant also filed an objection to this "ad hoc decision" on June 24, 2015. On August 4, 2015, the trial court issued two separate judgment entries construing appellant's objections as motions to set aside a magistrate's order and denying both motions. It is from those entries that appellant filed the instant appeal. The trial court also issued another entry on September 22, 2015, indicating that the matter was stayed pending resolution of this appeal since the trial court is without jurisdiction to proceed.

{¶3} Initially, we must determine whether there is a final appealable order since this court may entertain only those appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B*). See Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, ¶ 3.

{¶4} Pursuant to R.C. 2505.02(B), there are seven categories of a "final order," and if the judgment of the trial court satisfies any of them, it will be deemed a "final

2

order" and can be immediately appealed and reviewed by a court of appeals. In the case at hand, the trial court's August 4, 2015 judgment entries do not fit within any of the categories for being a final order pursuant to R.C. 2505.02(B) and did not dispose of all the claims.

{¶5} In fact, the record shows that as of the date of the notice of appeal, September 3, 2015, there was no final entry in this matter. The August 4, 2015 entries simply denied appellant's motions to set aside the magistrate's orders. Therefore, the August 4, 2015 entries were not final appealable orders, and appellant's appeal from those orders is premature. Nothing is preventing appellant from obtaining effective relief through an appeal once the trial court has entered a final judgment in the action.

{¶6} Accordingly, this appeal is hereby sua sponte dismissed for lack of a final appealable order.

{¶7} Appeal dismissed.


DIANE V. GRENDELL, J.,

COLLEEN MARY O'TOOLE, J.,

concur.