[Cite as *Arnold v. Arnold*, 2021-Ohio-4186.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| GABRIEL ARNOLD, | **CASE NO. 2021-G-0026** |
| Petitioner-Appellant, | |
| - v - | Civil Appeal from the Court of Common Pleas |
| ABIGAIL ARNOLD, | Trial Court No. 2015 DK 000524 |
| Petitioner-Appellee. | |

# M E M O R A N D U M
# O P I N I O N

Decided: November 29, 2021
Judgment: Appeal dismissed

*Joseph G. Stafford* and *Nicole A. Cruz,* Stafford Law Co., LPA, 55 Erieview Plaza, 5th Floor, Cleveland, OH 44114 (For Petitioner-Appellant).

*Scott S. Rosenthal,* Rosenthal, Thurman, Lane, North Point Tower, 1001 Lakeside Avenue, Suite 1720, Cleveland, OH 44114 (For Petitioner-Appellee).

*John V. Heutsche,* John V. Heutsche Co., LPA, Hoyt Block Building, 700 West St. Clair Avenue, Suite 220, Cleveland, OH 44113 (Guardian Ad Litem).

MARY JANE TRAPP, P.J.

{¶1}   Appellant, Gabriel Arnold, through counsel, filed an appeal from an October 6, 2021 order and amended order issued on the same date, in which a magistrate from the Geauga County Court of Common Pleas set forth a scheduling order.

{¶2}   Appellee, Abigail Arnold, through counsel, filed a motion to dismiss the appeal for lack of a final appealable order.  Appellant filed a brief in opposition to the motion and a "Memorandum of Substantial Rights Being Infringed."

{¶3} Initially, we must determine whether there is a final appealable order since this court may entertain only those appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). Under Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

{¶4} R.C. 2505.02(B) defines a "final order" and sets forth seven categories of appealable judgment, and if the judgment of the trial court satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed. Here, the October 6, 2021 order, which was on the same day amended, does not fit within any of the categories of a final order pursuant to R.C. 2505.02(B) and did not dispose of all the claims.

{¶5} "* * * [A] magistrate may enter orders without judicial approval if necessary to regulate the proceedings and if not dispositive of a claim or defense of a party." *See* Civ.R. 53(D)(2)(a)(i). This court has further stated that a magistrate order requires trial court approval if it disposes of a party's claim. *Tran v. Tran*, 11th Dist. Geauga No. 2019-G-0228, 2020-Ohio-241, ¶ 6.

{¶6} Furthermore, this court has also held that "[a]lthough magistrate's *orders* are effective without judicial approval, they are not directly appealable." *Walsh v. Walsh*, 11th Dist. Ashtabula No. 2020-A-0050, 2020-Ohio-6998, ¶ 6. Therefore, magistrate's orders are simply interlocutory by nature. *Id.*

2

Case No. 2021-G-0026

{¶7} In the present case, neither the October 6, 2021 magistrate's order nor amended order are a final appealable order. Thus, this court does not have jurisdiction to hear this appeal. Since the magistrate's orders have not yet received "judicial approval," they remain interlocutory orders and may be reconsidered upon the court's own motion or that of a party. Nothing is preventing appellant from obtaining effective relief through an appeal once the trial court has entered a final judgment in this action.

{¶8} Accordingly, appellee's motion to dismiss is hereby granted, and this appeal is dismissed for lack of jurisdiction.

{¶9} Appeal dismissed.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.

Case No. 2021-G-0026