[Cite as *Perkins v. Perkins*, 2022-Ohio-3116.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

JAMES R. PERKINS,

       Plaintiff-Appellant,

- vs -

STACY L. PERKINS,

       Defendant-Appellee.

**CASE NO. 2022-G-0029**

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2021 DC 000157

## M E M O R A N D U M
## O P I N I O N

Decided: September 6, 2022
Judgment: Appeal dismissed

*J. Michael Drain, Jr.*, 147 Bell Street, Suite 202, Chagrin Falls, OH 44022 (For Plaintiff-Appellant).

*Gregory S. Costabile*, 1400 Fifth Third Center, 600 Superior Avenue, East, Cleveland, OH 44114 (For Defendant-Appellee).

MATT LYNCH, J.

{¶1} Appellant, James R. Perkins, through counsel, appeals a July 18, 2022 order, in which a magistrate from the Geauga County Court of Common Pleas granted the motion in limine filed by appellee, Stacy L. Perkins.

{¶2} Initially, we must determine whether there is a final appealable order since this court may entertain only those appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 94 (1989). Under Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court

only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

{¶3} R.C. 2505.02(B) defines a "final order" and sets forth seven categories of appealable judgment, and if the judgment of the trial court satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed. Here, the July 18, 2022 order on appeal does not fit within any of the categories for being a final order pursuant to R.C. 2505.02(B) and did not dispose of all the claims.

{¶4} Generally, a trial court's decision to grant a motion in limine is an interlocutory order that is not final and appealable. *Gable v. Gates Mills*, 103 Ohio St.3d 449, 2004-Ohio-5719, ¶ 34. Furthermore, "* * * a magistrate may enter orders without judicial approval if necessary to regulate the proceedings and if not dispositive of a claim or defense of a party." See Civ.R. 53(D)(2)(a)(i). This court has held that "[a]lthough magistrate's *orders* are effective without judicial approval, they are not directly appealable." *Arnold v. Arnold*, 11th Dist. Geauga No. 2021-G-0026, 2021-Ohio-4186, ¶ 6. Hence, a magistrate's order is simply interlocutory by nature. *Id.*

{¶5} In this matter, the July 18, 2022 magistrate's order is not a final appealable order, and this court does not have jurisdiction to hear this appeal. The order is interlocutory. Nothing is preventing appellant from obtaining effective relief through an appeal once the trial court has entered a final judgment in the action.

2

{¶6} Based upon the foregoing analysis, the order of the trial court is not a final appealable order. Accordingly, the instant appeal is dismissed, sua sponte, for lack of jurisdiction.

{¶7} Appeal dismissed.


CYNTHIA WESTCOTT RICE, J.,

MARY JANE TRAPP, J.,

concur.

Case No. 2022-G-0029