[Cite as *Bahner v. Marketplace Mall*, 2024-Ohio-1430.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| ROGER BAHNER, | **CASE NO. 2024-G-0009** |
| Plaintiff-Appellant, | |
| - vs - | Civil Appeal from the<br>Chardon Municipal Court |
| THE MARKETPLACE MALL, LLC, et al., | |
| Defendants-Appellees. | Trial Court No. 2022 CVH 00800 |

## M E M O R A N D U M
## O P I N I O N

Decided: April 15, 2024
Judgment: Appeal dismissed

*Roger Bahner*, pro se, 7215 South Jester Place, Concord, OH 44077 (Plaintiff-Appellant).

*Robert A. Molnar*, Oberholtzer & Molnar, LPA, 39 Public Square, Suite 201, Medina, OH 44256 (For Defendants-Appellees).

JOHN J. EKLUND, J.

{¶1} Appellant, Roger Bahner, filed a pro se appeal from a January 25, 2024 order, in which a magistrate from the Chardon Municipal Court converted a scheduled trial to a damages hearing on a motion for sanctions filed by appellees, The Marketplace Mall, LLC and Maureen Foldesi, against appellant.

{¶2} Initially, we must determine whether there is a final appealable order since this court may entertain only those appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). Under Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court

only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

{¶3} R.C. 2505.02(B) defines a "final order" and sets forth seven categories of appealable judgment, and if the judgment of the trial court satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed. Here, the July 18, 2022 order on appeal does not fit within any of the categories for being a final order pursuant to R.C. 2505.02(B) and did not dispose of all the claims.

{¶4} The docket reveals that appellant's complaint against appellees was dismissed by the trial court on March 21, 2023 for failure to state a claim, and appellees voluntarily dismissed their counterclaim on December 11, 2023. The matter of sanctions remains pending for the trial court to conduct its hearing and issue a ruling, which has yet to be done.

{¶5} Generally, "* * * a magistrate may enter orders without judicial approval if necessary to regulate the proceedings and if not dispositive of a claim or defense of a party." See Civ.R. 53(D)(2)(a)(i). This court has stated that even though a magistrate's order is effective without judicial approval, it is not "directly appealable." *Perkins v. Perkins*, 11th Dist. Geauga No. 2022-G-0029, 2022-Ohio-3116, ¶ 4. Therefore, a magistrate's order is simply interlocutory by nature. *Id.*

{¶6} In this case, the January 25, 2024 magistrate's order is not a final appealable order, and this court does not have jurisdiction to hear this appeal. The order

2

is interlocutory. Nothing is preventing appellant from obtaining effective relief through an appeal once the trial court has entered a final judgment in the action.

{¶7} Based upon the foregoing analysis, the order of the trial court is not a final appealable order. Accordingly, the instant appeal is dismissed for lack of jurisdiction.

EUGENE A. LUCCI, P.J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2024-G-0009