[Cite as *McDonie v. Wallster*, 2024-Ohio-5265.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

JOHN P. MCDONIE,

        Plaintiff-Appellant,

  - vs -

HEATHER WALLSTER,

        Defendant-Appellee.

**CASE NO. 2024-L-068**

Civil Appeal from the
Court of Common Pleas,
Juvenile Division

Trial Court No. 2021 CV 00966

**M E M O R A N D U M**
**O P I N I O N**

Decided: November 4, 2024
Judgment: Appeal dismissed

*John P. McDonie*, pro se, 1101 West Maple Street, North Canton, OH 44720 (Plaintiff-Appellant).

*Pamela D. Kurt*, Kurt Law Office, LLC, 30432 Euclid Avenue, Suite 116, Wickliffe, OH 44092 (For Defendant-Appellee).

EUGENE A. LUCCI, P.J.

{¶1} Appellant, John P. McDonie, filed a pro se appeal from a September 17, 2024 order, in which a magistrate from the Lake County Court of Common Pleas, Juvenile Division, denied appellant's motion for ex parte relief. Appellee, Heather Wallster, through counsel, moved to dismiss the appeal for lack of a final order.

{¶2} Since this court may entertain only those appeals from final judgments or orders, we must determine whether there is a final appealable order. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). Under Section 3(B)(2), Article IV of the Ohio Constitution, an appellate court can immediately review a trial court's judgment only if it constitutes a

"final order" in the action. *Germ v. Fuerst,* 2003-Ohio-6241, ¶ 3 (11th Dist.). If the lower court's order is not final, a reviewing court does not have jurisdiction to review the matter, and the appeal must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.,* 44 Ohio St.3d 17, 20 (1989).

{¶3} R.C. 2505.02(B) defines a "final order" and sets forth seven categories of appealable judgments, and if the trial court's judgment satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed. Here, the September 17, 2024 order on appeal does not fit within any of the categories for being a final order pursuant to R.C. 2505.02(B) and did not dispose of all the claims.

{¶4} In general, magistrates may enter orders without judicial approval if necessary to regulate the proceedings and if the order is not dispositive of a claim or defense of a party. *Bahner v. Marketplace Mall, LLC*, 2024-Ohio-1430, ¶ 5 (11th Dist.); *See also* Civ.R. 53(D)(2)(a)(i). This court has stated that although a magistrate's order is effective without judicial approval, it is not "directly appealable," and thus is simply interlocutory in nature. *Bahner* at ¶ 5.

{¶5} Here, the September 17, 2024 magistrate's order is not a final appealable order and is simply interlocutory. Therefore, this court does not have jurisdiction to hear this appeal. However, nothing prevents appellant from obtaining effective relief through an appeal once the trial court has entered a final judgment in the action.

{¶6} Based upon the foregoing analysis, appellee's motion to dismiss is hereby granted. Accordingly, the instant appeal is dismissed for lack of a final appealable order.

JOHN J. EKLUND, J.,
ROBERT J. PATTON, J.,
concur.

2

Case No. 2024-L-068