[Cite as *Quail Point Condominium Owners' Assn. v. Rogers*, 2024-Ohio-5770.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| QUAIL POINT CONDOMINIUM OWNERS ASSOCIATION, | CASE NO. 2024-L-081 |
| Plaintiff-Appellee, | Civil Appeal from the Court of Common Pleas |
| - vs - | |
| ANDREA JANE ROGERS, TRUSTEE OF THE SUSAN NANCY ROGERS IRREVOCABLE TRUST, et al., | Trial Court No. 2023 CF 001388 |
| Defendants, | |
| KATHLEEN DENISE WILLIAMS a.k.a. KATHLEEN D. WILLIAMS, | |
| Defendant-Appellant. | |

**M E M O R A N D U M**
**O P I N I O N**

Decided: December 9, 2024
Judgment: Appeal dismissed

*Jason R. Ramsey* and *Michelle L. Polly-Murphy*, Kaman & Cusimano, LLC, Terminal Tower, 50 Public Square, Suite 2000, Cleveland, OH 44113 and *David L. Lash*, The Law Office of David L. Lash, 23811 Chagrin Boulevard, Suite 228, Cleveland, OH 44122 (For Plaintiff-Appellee).

*Kathleen Denise Williams*, pro se, 383 Cleveland Road, Cleveland, OH 44108 (Defendant-Appellant).

MATT LYNCH, J.

{¶1} Appellant, Kathleen Denise Williams, filed a pro se appeal from an October 2, 2024 order, in which a magistrate from the Lake County Court of Common Pleas denied her motion for summary judgment.

{¶2}   Initially, this court must determine if there is a final and appealable order since we may entertain only those appeals from final judgments or orders.  *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989).  Under Section 3(B)(2), Article IV of the Ohio Constitution, an appellate court can immediately review a trial court's judgment only if it constitutes a "final order" in the action.  *Bahner v. Marketplace Mall, LLC*, 2024-Ohio-1430, ¶ 2 (11th Dist.).  If a lower court's order is not final, then an appellate court does not have jurisdiction to review the case, and the case must be dismissed.  *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

{¶3}   R.C. 2505.02(B) defines a "final order" and sets forth seven categories of appealable judgments, and if the judgment of the trial court satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed.  In this matter, the October 2, 2024 Magistrate's Order being appealed does not fit within any of the categories for being a final order under R.C. 2505.02(B) and did not dispose of all claims.

{¶4}   Generally, "* * * a magistrate may enter orders without judicial approval if necessary to regulate the proceedings and if not dispositive of a claim or defense of a party."  See Civ.R. 53(D)(2)(a)(i).  This court has stated that even though a magistrate's order is effective without judicial approval, it is not "directly appealable."  *Perkins v. Perkins*, 2022-Ohio-3116, ¶ 4 (11th Dist.).  Therefore, a magistrate's order is simply interlocutory by nature. *Id.*

{¶5}   Here, the October 2, 2024 order is interlocutory and is not a final appealable order.  This court does not have jurisdiction to hear this appeal.  Nothing is preventing appellant from obtaining effective relief through an appeal once the trial court has entered a final judgment in the action.

2

Case No. 2024-L-081

{¶6} Based upon the foregoing analysis, the order of the trial court is not final and appealable. Accordingly, this appeal is dismissed, sua sponte, for lack of jurisdiction.


EUGENE A. LUCCI, P.J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2024-L-081