[Cite as *Austin v. McManamon*, 2024-Ohio-5997.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| HAYLEY AUSTIN, | **CASE NO. 2024-G-0045** |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| MICHAEL T. MCMANAMON, et al., | |
| Defendants, | Trial Court No. 2024 DC 000380 |
| AMERICAN EXPRESS NATIONAL BANK, | |
| Defendant-Appellant. | |

### M E M O R A N D U M
### O P I N I O N

Decided: December 23, 2024
Judgment: Appeal dismissed

*Steven L. August*, Steven L. August Co., LPA, 3201 Enterprise Parkway, Suite 130, Beachwood, OH 44122 (For Plaintiff-Appellee).

*Alison M. Huenefeld*, Keating Muething & Klekamp, PLL, One East Fourth Street, Suite 1400, Cincinnati, OH 45202 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Appellant, American Express National Bank, appeals from an October 16, 2024 judgment entry in which the trial court denied appellant's motion to set aside the September 10, 2024 magistrate's order.

{¶2} A review of the docket reveals that appellee, Hayley Austin, initiated a complaint for divorce among other claims against Michael T. McManamon and included

appellant along with another party as entities having possession, control or an interest in property from which appellee seeks support. Appellant filed a Civ.R. 12(B)(6) motion to dismiss and motion for sanctions. On September 10, 2024, the magistrate issued an order denying appellant's motion to dismiss. On September 20, 2024, appellant filed a motion to set aside the magistrate's order, which was denied by the trial court in an entry dated October 16, 2024. The instant appeal ensued.

{¶3} We must determine if the entry appealed from is a final appealable order. According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can only be immediately reviewed by an appellate court if it constitutes a "final order" in the action. *Estate of Biddlestone*, 2011-Ohio-1299, ¶ 3 (11 Dist.). If a lower court's order is not final, an appellate court has no jurisdiction to review the matter and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B).

{¶4} R.C. 2505.02(B) defines a "final order" and sets forth seven categories of appealable judgments, and if the judgment of the trial court satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed.

{¶5} Here, appellant is attempting to appeal from an October 16, 2024 entry denying a motion to set aside a magistrate's order. The trial court's entry does not fit within any of the categories of R.C. 2505.02 and does not dispose of all the claims. *See DiSanto v. Thomas*, 2015-Ohio-4835, at ¶ 4 (11th Dist.). Thus, an appeal from that entry is premature. Nothing is preventing appellant from obtaining effective relief by way of an appeal once the trial court has entered a final judgment in the case.

2

Case No. 2024-G-0045

{¶6} Accordingly, the appeal is hereby dismissed, sua sponte, for lack of a final appealable order.


EUGENE A. LUCCI, P.J.,

ROBERT J. PATTON, J.,

concur.