[Cite as *Sipan v. De La Paz*, 2025-Ohio-232.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

KEN SIPAN,

        Petitioner-Appellant,

- vs -

COLLEEN DE LA PAZ,

        Respondent-Appellee.

**CASE NO. 2024-G-0048**

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2024 DV 000555

---

# **M E M O R A N D U M**
# **O P I N I O N**

Decided: January 27, 2025
Judgment: Appeal dismissed

---

*Ken Sipan*, pro se, 16139 East High Street, Apt. 114, Middlefield, OH 44062 (Petitioner-Appellant).

*Colleen De La Paz*, 16187 East High Street, Middlefield, OH 44062 (Respondent-Appellee).

JOHN J. EKLUND, J.

{¶1} Appellant, Ken Sipan, filed a pro se appeal. Appellant petitioned the trial court for a domestic violence civil protection order. On November 18, 2024, the magistrate issued findings of fact, conclusions of law and a decision. It is from that decision that appellant filed the instant appeal.

{¶2} Initially, we must determine if there is a final appealable order since this court may entertain only those appeals from final judgments. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). Under Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. If a lower court's order is not final, then an appellate court does

not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

{¶3} Pursuant to Civ.R. 53(D)(4)(a), a magistrate's decision is not effective unless it is adopted by the court. A magistrate's decision is not final until it is reviewed by the trial court and the trial court (1) rules on any objections, (2) adopts, modifies, or rejects the decision, and (3) enters a judgment that determines all of the claims for relief in the matter. *Perkins v. Perkins*, 2024-Ohio-5162, ¶ 15 (11th Dist.). Hence, until the trial court adopts a magistrate's decision, it is simply interlocutory. *Id.*

{¶4} This court has maintained that there is no final judgment "where a lower court fails to adopt the magistrate's decision and enter judgment stating the relief to be afforded because 'orders are not court orders unless certain formalities are met.'" *Ledet v. Ledet*, 2023-Ohio-2926, ¶ 4 (11th Dist.). An action may only be terminated by judges, not magistrates, by entering judgment. *Id.*

{¶5} In the instant matter, the November 18, 2024 magistrate's decision is not a final appealable order. Thus, this court does not have jurisdiction to hear this appeal. Since the trial court has not yet adopted the magistrate's decision, it remains an interlocutory order and may be reconsidered upon the court's own motion or that of a party. Nothing is preventing appellant from obtaining effective relief through an appeal once the trial court has entered a final judgment in the action.

{¶6} Based upon the foregoing analysis, there is no final appealable order. Accordingly, the instant appeal is dismissed, sua sponte, for lack of jurisdiction.

ROBERT J. PATTON, P.J.,

EUGENE A. LUCCI, J.,

concur.

2

Case No. 2024-G-0048