[Cite as *Tax Ease OH IV, L.L.C. v. Osmic*, 2025-Ohio-2306.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| TAX EASE OH IV, LLC, | **CASE NO. 2025-L-045** |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| HUBERT N. OSMIC a.k.a. HUGH OSMIC, | Trial Court No. 2022 CF 000638 |
| Defendant-Appellant, | |
| LINDA M. BUTORAC, | |
| Defendant-Appellee. | |

## MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: June 30, 2025
Judgment: Appeal dismissed

*Austin B. Barnes*, *III*, Sandhu Law Group, LLC, 1213 Prospect Avenue, Suite 300, Cleveland, OH 44115 (For Plaintiff-Appellee, Tax Ease OH IV, LLC).

*Mate Rimac* and *Nicholas J. Horrigan*, Harpst Becker LLC, 1559 Corporate Woods Parkway, Suite 250, Uniontown, OH 44685 (For Defendant-Appellee, Linda M. Butorac).

*Hubert N. Osmic a.k.a. Hugh Osmic*, pro se, 5209 Lakeside Avenue, Cleveland, OH 44114 (Defendant-Appellant).

MATT LYNCH, J.

{¶1} Appellant, Hubert N. Osmic a.k.a. Hugh Osmic, filed a pro se appeal from an April 8, 2025 Lake County Court of Common Pleas Magistrate's Order. In that order, the magistrate denied the motions for summary judgment filed by appellee, Tax Ease OH

IV, LLC, and by appellee, Linda M. Butorac, and denied appellant's motion to extend the time to respond to the motions for summary judgment.

{¶2} Butorac filed a motion to dismiss the appeal for lack of a final appealable order. Appellant has filed no opposition to the motion.

{¶3} This court may entertain only those appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). Under Section 3(B)(2), Article IV of the Ohio Constitution, an appellate court can immediately review a judgment of the trial court only if it constitutes a "final order" in the action. *Quail Point Condominium Assn. v. Rogers,* 2024-Ohio-5770, ¶ 2 (11th Dist.). If the lower court's order is not final, then this court does not have jurisdiction to review the case, and the appeal must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

{¶4} R.C. 2505.02(B) defines a "final order" and sets forth seven categories of appealable judgments, and if the judgment of the trial court satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed. In this matter, the April 8, 2025 Magistrate's Order being appealed does not fit within any of the categories for being a final order under R.C. 2505.02(B) and did not dispose of all claims.

{¶5} In general, "a magistrate may enter orders without judicial approval if necessary to regulate the proceedings and if not dispositive of a claim or defense of a party." *See* Civ.R. 53(D)(2)(a)(i). We have explained that although a magistrate's order is effective without judicial approval, it is not "directly appealable." *Quail Point* at ¶ 4. Hence, a magistrate's order is simply interlocutory in nature. *Id.*

{¶6} Here, the April 8, 2025 order is an interlocutory order and is not final and appealable. This court does not have jurisdiction to hear this appeal. However, nothing

Case No. 2025-L-045

is preventing appellant from obtaining effective relief through an appeal once the trial court has entered a final judgment in the action.

{¶7} Based upon the foregoing analysis, the order of the trial court is not final and appealable. Accordingly, Butorac's motion to dismiss is hereby granted, and this appeal is dismissed for lack of jurisdiction.


ROBERT J. PATTON, P.J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2025-L-045

# JUDGMENT ENTRY

For the reasons stated in the memorandum opinion of this court, it is ordered that appellee's motion to dismiss is granted, and this appeal is dismissed for lack of jurisdiction.

Costs to be taxed against appellant.

<br>

JUDGE MATT LYNCH

<br>

PRESIDING JUDGE ROBERT J. PATTON,
concurs

<br>

JUDGE JOHN J. EKLUND,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-L-045