[Cite as *Lake Cty. Dept. of Job & Family Servs., Child Support Enforcement Div. v. Oatman*, 2025-Ohio-2308.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| LAKE COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES; CHILD SUPPORT ENFORCEMENT DIVISION, et al., | **CASE NO. 2025-L-055** |
| Plaintiffs-Appellees, | Civil Appeal from the Court of Common Pleas, Juvenile Division |
| - vs - | |
| SABREL B. OATMAN, | Trial Court No. 2024 SE 00865 |
| Defendant-Appellant. | |

## MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: June 30, 2025
Judgment: Appeal dismissed

*Charles E. Coulson*, Lake County Prosecutor, and *Philip C. King*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee, Lake County Department of Job and Family Services; Child Support Enforcement Division).

*Jacquelyn Brooks,* pro se, 36851 Beech Hills Drive, Willoughby Hills, OH 44094 (Plaintiff-Appellee).

*Sabrel B. Oatman,* pro se, 4196 Flossy Lane, Perry, OH 44081 (Defendant-Appellant).

EUGENE A. LUCCI, J.

{¶1} This appeal emanates from the Lake County Court of Common Pleas, Juvenile Division. Appellant, Sabrel B. Oatman, pro se, filed an appeal and attached two magistrate's orders. One was dated May 1, 2025, and in it, appellant was denied a motion to stay the withholding of his income. The other one was dated May 9, 2025, and the magistrate dismissed appellant's motion to dismiss and his motion to show cause and

determined that his motion to compel was moot.  The magistrate also reset the matter for a trial on June 2, 2025.  The docket reveals that appellant filed additional motions on May 12, 2025, one of which was an objection to the May 9, 2025 Magistrate's Order.  The trial court issued an entry ruling on some of the motions filed on May 12, 2025, but did not rule on the objection to the magistrate's order.

{¶2}  Initially, we must determine whether there is a final appealable order since this court may entertain only those appeals from final judgments or orders.  *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989).  Under Section 3(B)(2), Article IV of the Ohio Constitution, an appellate court can immediately review a judgment of the trial court only if it constitutes a "final order" in the action.  *McDonie v. Wallster,* 2024-Ohio-5265, ¶ 2 (11th Dist.).  If the lower court's order is not final, then this court does not have jurisdiction to review the case, and the appeal must be dismissed.  *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

{¶3}  R.C. 2505.02(B) defines a "final order" and sets forth seven categories of appealable judgments, and if the judgment of the trial court satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed.  In this matter, neither the May 1 nor the May 9 Magistrate's Orders fit within any of the categories for being a final order under R.C. 2505.02(B) and neither order disposed of all claims.

{¶4}  Generally, "a magistrate may enter orders without judicial approval if necessary to regulate the proceedings and if not dispositive of a claim or defense of a party."  *See* Civ.R. 53(D)(2)(a)(i).  We have explained that although magistrate's orders are effective without judicial approval, they are not "directly appealable."  *McDonie* at ¶ 4. Hence, the magistrate's orders are simply interlocutory in nature. *Id.*

Case No. 2025-L-055

{¶5} Here, both the May 1, 2025 and the May 9, 2025 orders are interlocutory orders and are not final and appealable. This court does not have jurisdiction to hear this appeal. However, nothing is preventing appellant from obtaining effective relief through an appeal once the trial court has entered a final judgment in the action.

{¶6} Based upon the foregoing analysis, the orders of the trial court are not final and appealable. Accordingly, this appeal is hereby sua sponte dismissed for lack of jurisdiction.

ROBERT J. PATTON, P.J.,

SCOTT LYNCH, J.,

concur.

Case No. 2025-L-055

## JUDGMENT ENTRY

For the reasons stated in the memorandum opinion of this court, it is ordered that this appeal is sua sponte dismissed for lack of jurisdiction.

Costs to be taxed against appellant.

 

 

_____

JUDGE EUGENE A. LUCCI

 

 

_____

PRESIDING JUDGE ROBERT J. PATTON,
concurs

 

 

_____

JUDGE SCOTT LYNCH,
concurs

| **THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY** |
|:---:|
| A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure. |

Case No. 2025-L-055