[Cite as *Radic v. Sternadel*, 2025-Ohio-4527.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

KATELYN RADIC,

       Plaintiff-Appellant,

- vs -

STEPHEN STERNADEL,

       Defendant-Appellee.

CASE NO. 2025-A-0045

Civil Appeal from the
Court of Common Pleas,
Juvenile Division

Trial Court No. 2024 JI 00036

## MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: September 29, 2025
Judgment: Appeal dismissed

*David N. Patterson*, P.O. Box 1423, Willoughby, OH 44096 and *Nicole A. Cruz*, Stafford Cruz Law Co., L.P.A., North Point Tower, 1001 Lakeside Avenue, Suite 1300, Cleveland, OH 44114 (For Plaintiff-Appellant).

*Michelle M. Fisher*, 1612 East Prospect Road, Ashtabula, OH 44004 (For Defendant-Appellee).

*Sean P. Martin*, 113 North Chestnut Street, Suite A, Jefferson, OH 44047 (Guardian ad litem).

MATT LYNCH, J.

{¶1}    Appellant, Katelyn Radic, through counsel, filed an appeal from a July 30, 2025 Magistrate's Order granting temporary custody of the minor child to appellee, Stephen Sternadel, and she also appeals a July 30, 2025 Magistrate's Decision sanctioning her for contempt and ordering her to be incarcerated until she produces the minor child.

{¶2}    Initially, this court must determine if there is a final and appealable order since we may entertain only those appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). Under Section 3(B)(2), Article IV of the Ohio Constitution, an appellate court can immediately review a trial court's judgment only if it constitutes a "final order" in the action. *Bahner v. Marketplace Mall, LLC*, 2024-Ohio-1430, ¶ 2 (11th Dist.). If a lower court's order is not final, then an appellate court does not have jurisdiction to review the case, and the case must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

{¶3}    R.C. 2505.02(B) defines a "final order" and sets forth seven categories of appealable judgments, and if the judgment of the trial court satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed. In this matter, the July 30, 2025 Magistrate's Order being appealed does not fit within any of the categories for being a final order under R.C. 2505.02(B) and did not dispose of all claims.

{¶4}    In general, ". . . a magistrate may enter orders without judicial approval if necessary to regulate the proceedings and if not dispositive of a claim or defense of a party." See Civ.R. 53(D)(2)(a)(i). This court has maintained that although a magistrate's order is effective without judicial approval, it is not "directly appealable." *Quail Point Condominium Owners Assn. v. Rogers*, 2024-Ohio-5770, ¶ 4 (11th Dist.). Therefore, a magistrate's order is simply interlocutory by nature. *Id.*

{¶5}    In this case, the July 30, 2025 Magistrate's Order is interlocutory and is not final and appealable. This court does not have jurisdiction to hear this appeal.

{¶6}    Furthermore, pursuant to Civ.R. 53(D)(4)(a), a magistrate's decision is not effective unless it is adopted by the court. A magistrate's decision is not final until a trial

Case No. 2025-A-0045

court reviews it and the trial court (1) rules on any objections, (2) adopts, modifies, or rejects the decision, and (3) enters a judgment that determines all of the claims for relief in the matter. *Sipan v. De La Paz*, 2025-Ohio-232, ¶ 3 (11th Dist.). Until the trial court adopts a magistrate's decision, it is simply interlocutory. *Id*.

{¶7} This court has stated that no final judgment exists "where a lower court fails to adopt the magistrate's decision and enter judgment stating the relief to be afforded because 'orders are not court orders unless certain formalities are met.'" *Id. at* ¶ 4. An action may only be terminated by judges, not magistrates, by entering judgment. *Id*.

{¶8} Here, the July 30, 2025 Magistrate's Decision is also not final and appealable. Thus, we do not have jurisdiction to hear this appeal. Since the trial court has not yet adopted the magistrate's decision, it remains an interlocutory order and may be reconsidered upon the court's own motion or that of a party.

{¶9} Based upon the foregoing analysis, there is no final appealable order. However, nothing is preventing appellant from obtaining effective relief through an appeal once the trial court has entered a final judgment in the action.

{¶10} Accordingly, this appeal is dismissed, sua sponte, for lack of jurisdiction.


JOHN J. EKLUND, J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2025-A-0045

## JUDGMENT ENTRY

For the reasons stated in the memorandum opinion of this court, it is ordered that this appeal is hereby dismissed, sua sponte, for lack of jurisdiction.

Furthermore, pursuant to this entry, any pending motions are hereby overruled as moot.

Costs to be taxed against appellant.

_____
JUDGE MATT LYNCH

_____
JUDGE JOHN J. EKLUND,
concurs

_____
JUDGE EUGENE A. LUCCI,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-A-0045