[Cite as *Lake Cty. Dept. of Job & Family Servs. v. Oatman*, 2025-Ohio-4636.]

# IN THE COURT OF APPEALS OF OHIO
# ELEVENTH APPELLATE DISTRICT
# LAKE COUNTY

LAKE COUNTY DEPARTMENT
OF JOB AND FAMILY SERVICES;
CHILD SUPPORT ENFORCEMENT
DIVISION, et al.,

        Plaintiffs-Appellees,

- vs -

SABREL B. OATMAN,

        Defendant-Appellant.

CASE NO. 2025-L-095

Civil Appeal from the
Court of Common Pleas,
Juvenile Division

Trial Court No. 2024 SE 00865

## MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: October 6, 2025
Judgment: Appeal dismissed

*Charles E. Coulson*, Lake County Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee, Lake County Department of Job and Family Services; Child Support Enforcement Division).

*Jacquelyn Brooks*, pro se, 36851 Beech Hills Drive, Willoughby Hills, OH 44094 (Plaintiff-Appellee).

*Sabrel B. Oatman*, pro se, 4196 Flossy Lane, Perry, OH 44081 (Defendant-Appellant).

EUGENE A. LUCCI, J.

{¶1} Appellant, Sabrel B. Oatman, filed a pro se appeal from an entry of the Lake County Court of Common Pleas, Juvenile Division. The docket reveals that in a May 9, 2025 order, the magistrate dismissed appellant's motion to dismiss and motion to show cause and determined his motion to compel was moot. The magistrate also reset the matter for a trial to a later date. On May 12, 2025, appellant objected to that order. The

trial court issued a July 2, 2025 entry construing the objection as a motion to set aside the May 9, 2025 order and denied it. The instant appeal ensued.

{¶2} Initially, we must determine if the entry appealed from is a final appealable order. According to Section 3(B)(2), Article IV of the Ohio Constitution, an appellate court can only immediately review a trial court's judgment if it constitutes a "final order" in the action. *McDonie v. Wallster,* 2024-Ohio-5265, ¶ 2 (11th Dist.). If a lower court's order is not final, an appellate court has no jurisdiction to review the matter, and the appeal must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B).

{¶3} R.C. 2505.02(B) defines a "final order" and sets forth seven categories of appealable judgments, and if the judgment of the trial court satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed.

{¶4} In this case, appellant is attempting to appeal from a July 2, 2025 entry denying a motion to set aside a magistrate's order. That entry does not fit within any of the categories of R.C. 2505.02 and does not dispose of all the claims. *Austin v. McManamon*, 2024-Ohio-5997, ¶ 5 (11th Dist.). Therefore, an appeal from that entry is premature. However, nothing is preventing appellant from obtaining effective relief by way of an appeal once the trial court has entered a final judgment in the case.

{¶5} Thus, the appeal is hereby sua sponte dismissed for lack of a final appealable order.


ROBERT J. PATTON, P.J.,
SCOTT LYNCH, J.,
concur.

Case No. 2025-L-095

---

**JUDGMENT ENTRY**

---

For the reasons stated in the memorandum opinion of this court, it is ordered that this appeal is sua sponte dismissed for lack of a final appealable order.

Any pending motions are hereby overruled as moot.

Costs shall be taxed against appellant.

_____
JUDGE EUGENE A. LUCCI

_____
PRESIDING JUDGE ROBERT J. PATTON,
concurs

_____
JUDGE SCOTT LYNCH,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-L-095