[Cite as *Swiecicki v. Swiecicki*, 2026-Ohio-1229.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| JEFFREY A. SWIECICKI, | **CASE NO. 2026-P-0012** |
| Petitioner-Appellant, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| LISA M. SWIECICKI, | |
| Petitioner-Appellee. | Trial Court No. 2024 DR 00197 |

## MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: April 6, 2026
Judgment: Appeal dismissed

*Jeffrey A. Swiecicki*, pro se, 500 Treeside Drive, Stow, OH 44224 (Petitioner-Appellant).

*Emily M. Rajah*, Folan & Rajah, 122 North Prospect Street, Ravenna, OH 44266 (For Petitioner-Appellee).

ROBERT J. PATTON, J.

{¶1} Appellant, Jeffrey A. Swiecicki, filed a pro se appeal from a February 6, 2026 Magistrate's Decision. Appellee, Lisa M. Swiecicki, filed a motion to dismiss the appeal for lack of jurisdiction, and no opposition was filed.

{¶2} Since this court may only entertain those appeals from final judgments, we must determine whether there is a final appealable order. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). A trial court's judgment can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. Ohio Const., art. IV, § 3(B)(2); *Radic v. Sternadel,* 2025-Ohio-4527, ¶ 2 (11th Dist.). If a lower court's judgment is not final, then

this court does not have jurisdiction to review the case, and the case must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

{¶3} R.C. 2505.02(B) defines a "final order" and sets forth seven categories of appealable judgments, and if a trial court's judgment satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed. In this case, the February 6, 2026 Magistrate's Decision being appealed does not fit within any of the categories for being a final order under R.C. 2505.02(B) and did not dispose of all claims.

{¶4} Pursuant to Civ.R. 53(D)(4)(a), a magistrate's decision is not effective unless it is adopted by the court. Furthermore, a magistrate's decision is not final until a trial court reviews it and the trial court (1) rules on any objections, (2) adopts, modifies, or rejects the decision, and (3) enters a judgment that determines all of the claims for relief in the matter. *Radic*, *supra*, at ¶ 6. This court has maintained that no final judgment exists if the trial court fails to adopt the magistrate's decision and enter judgment stating the relief to be afforded because an order is not a court order unless certain formalities are met. *Id.* at ¶ 7. Only judges, not magistrates, terminate cases by entering judgments. *Id*. Therefore, a magistrate's decision is simply interlocutory until the trial court adopts it. *Id*. at ¶ 6.

{¶5} Here, the February 6, 2026 Magistrate's Decision is not final and appealable, and we do not have jurisdiction to hear this appeal. Since the trial court has not yet adopted the magistrate's decision, it remains an interlocutory order and may be reconsidered upon the court's own motion or that of a party.

{¶6} Based upon the foregoing analysis, appellee's motion to dismiss is hereby granted, and this appeal is dismissed. However, nothing is preventing appellant from

Case No. 2026-P-0012

obtaining effective relief through an appeal once the trial court has entered a final judgment in the action.

{¶7}   Accordingly, this appeal is dismissed for lack of jurisdiction.


MATT LYNCH, P.J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2026-P-0012

## JUDGMENT ENTRY

For the reasons stated in the memorandum opinion of this court, appellee's motion to dismiss is granted, and this appeal is hereby dismissed for lack of jurisdiction.

Costs to be taxed against appellant.

_____
JUDGE ROBERT J. PATTON


_____
PRESIDING JUDGE MATT LYNCH,
concurs


_____
JUDGE EUGENE A. LUCCI,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate
pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2026-P-0012